# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY RANDALL CAPEHART,

    Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al*.,

    Defendants.

Case No. 2:08-CV-00692-KJD-PAL

**ORDER**

    Presently before the Court is Plaintiff's Temporary Restraining Order/Injunction (#1). Plaintiff has paid the filing fee in full. It appears that Plaintiff has not served the summons and complaint on Defendants though he apparently mailed the present document to the attorney general's office of the State of Nevada. Plaintiff has not filed a complaint, but his motion alleges that his right to practice his Native American religion is being imposed upon by the relocation of his sweatlodge area in violation of the Religious Land Use and Institutionalized Person Act of 2000, 42 U.S.C. §§ 2000, *et. seq* ("RLUIPA")*.*

ANALYSIS

    The court may issue a preliminary injunction only on notice to the adverse party and may not issue a temporary restraining order unless specific facts in an affidavit or verified complaint clearly

show that immediate and irreparable injury, loss or damage will result to movant.  See Fed. R. Civ. P. 65(a)(1),(b)(1)(A).  Here, there is no affidavit, no complaint and insufficient evidence that notice was provided to Defendants.

Furthermore, "[t]o obtain a preliminary injunction, [Capehart] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [Capehart's] favor."  See Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005)(quoting Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir. 2004)) (internal quotations omitted).  "These two alternatives represent extremes of a single continuum, rather than two separate tests.  Thus, the greater the relative hardship to [Capehart], the less probability of success must be shown."  See Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir.1999) (internal quotations omitted).

Under the RLUIPA, Capehart bears the initial burden going forward with evidence to demonstrate that the sweatlodge's relocation constitutes a substantial burden on his religious beliefs.  See Warsoldier, 418 F.3d at 994.  His mere allegation that relocation of the sweatlodge imposes on his religious beliefs does not establish a *prima facie* claim that his religious beliefs have been substantially burdened.  Accordingly, the Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction.

Rather than dismiss Plaintiff's action, the Court *sua sponte* grants Plaintiff leave to file a complaint stating a claim under the RLUIPA.  Plaintiff shall comply with the federal rules of civil procedure by alleging sufficient facts to put Defendants on notice which specific actions constitute a *substantial burden* on his religious beliefs.  Failure to file a timely complaint in compliance with this order will result in the action being dismissed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Temporary Restraining Order/Injunction (#1) is **DENIED**;

1  IT IS FURTHER ORDERED that Plaintiff shall file a complaint in compliance with this
2  order no later than August 25, 2008.
3  DATED this 24th day of July 2008.

_____
Kent J. Dawson
United States District Judge